UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER: 15-091 |
| ROBERT DURST | SECTION C (1) |

**ORDER**

Before this court is the Government's Motion to Strike and/or Deny Defendant's Notice of Intent to Use Expert Testimony. (Rec. Doc. 51). Defendant had previously filed a Notice of Intent to Use Expert Testimony. (Rec. Doc. 48). Defendant's proposed expert witness testimony is to cover "federal law enforcement procedures relative to arrest, inventory and search." (Rec. Doc. 48). The proposed expert witness, Donald DeGabrielle has a background as a special agent with the Federal Bureau of Investigation and as a United States Attorney.

The United States Supreme Court set the standards for admitting scientific evidence under the Federal Rules of Evidence in *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The Court began with the "baseline" principle that "all relevant evidence is admissible" unless excepted by the Constitution, a statute or rule and that the standard of relevance "is a liberal one." FED.R.EVID. 402; *Daubert*, 509 U.S. at 585-589, 113 S.Ct. at 2793-94.   The Court favored admission of evidence on the borderline. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional, and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596-97, 113 S.Ct. at 2798.

Further, the expert testimony must be relevant and reliable to be admissible. *Id.* at 589. The Court must decide "whether the 'witness's qualifying training or experience, and resultant

Case 2:15-cr-00091-KDE-SS   Document 73   Filed 07/23/15   Page 2 of 2

specialized knowledge, are sufficiently related to the issues and evidence . . . that the witness's proposed testimony will help the trier of fact.'" *United States v. Wen Chyu Liu,* 716 F.3d 159, 167 (5th Cir. 2013) (quoting 4 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 702.04(1)(a) (Joseph M. McLaughlin ed., 2d ed. 1997)).

Based on the curriculum vitae submitted to the Court, Mr. DeGabrielle appears qualified to testify on federal law enforcement procedures relative to arrest, inventory and search. The evidentiary hearing is in regards to the Defendant's Motion to Suppress and these topics are indeed relevant to the issues presented in that motion. If Mr. DeGabrielle's testimony strays into inadmissible statements, legal conclusions, or otherwise outside of the scope of the noticed testimony, the government is free to object to that line of testimony.

**IT IS HEREBY ORDERED** that the Government's motion to strike and/or deny Defendant's notice of intent to use expert testimony is hereby **DENIED**.

New Orleans, Louisiana, this 23rd day of July, 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE