UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER: 15-091 |
| ROBERT DURST | SECTION C (1) |

**ORDER & REASONS**

Before this Court is Movant J.W. Marriott New Orleans Hotel's Motion to Quash Subpoena issued by Defendant Robert Durst. (Rec. Doc. 83). Mr. Durst, through counsel has filed an opposition to the motion. (Rec. Doc. 90). The subpoena was issued on July 22, 2015 pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. (Rec. Doc. 72). For the following reasons, the motion is DENIED. In addition a protective order is also issued in order to protect the personal and confidential information being produced.

**I. Background**

Defendant, Robert Durst is currently under indictment for allegedly violating 18 U.S.C. §922(g)(1) and 924(a)(2), for being a felon in possession of a firearm. (Rec. Doc. 9.) The indictment stems from events occurring on March 14, 2015 at the J.W. Marriott Hotel in New Orleans. While at the hotel to execute a California-issued arrest warrant for Mr. Durst, federal agents arrested Mr. Durst, registered under the alias "Everette Ward." (Rec. Doc. 52-1 at 6, citing the FBI agent's report, FD-302). Subsequently, the agents escorted Mr. Durst to his hotel room to "inventory and itemize his belongings." *Id* at 7. The firearm that is the subject of this indictment was recovered from Mr. Durst's hotel room. *Id.*

The government was previously granted authority, on May 6, 2015, to serve a subpoena duces tecum on J.W. Marriott for the production of various documents and reports concerning the

stay and arrest of Mr. Durst at the hotel, including "records from the J.W. Marriott at 614 Canal Street of maid/cleanup services for Room 2303, including times and date..." (Rec. Docs. 45 and 47). According to the documents and records produced in response to the government's subpoena, at least one, possibly more, J.W. Marriott room attendants entered Mr. Durst's room several times on March 14, 2014. (Rec. Doc. 90). On July 20, 2015, defense counsel requested a subpoena duces tecum to be issued directing J.W. Marriott to produce "the identify of any room attendants who serviced Room 2303 on March 14, 2015" and "any employee manuals for room attendants and/or housekeeping employees." (Rec. Doc. 67).

J.W. Marriott argues that the request for the identity of the room attendants is "overly broad" under *Federal Rule of Criminal Procedure* 17, "fails to specify the definition of 'identity'"and "subjects the individuals to [potential] harassment and intimidation" from the parties, media and public. (Rec. Doc. 83-1 at 2). Further, in regards to the second part of the subpoena, J.W. Marriott argues that production of employee manuals/handbooks is also overly broad, is not relevant information (and would not lead to relevant information) and would result in the disclosure of proprietary information and trade secrets. *Id.* In the alternative, if the Court were to deny the motion to quash, J.W. Marriott *in arguendo*, asks for a protective order regarding the documents and information it produces. (Rec. Doc. 83).

Mr. Durst's defense counsel have filed an opposition to J.W. Marriott's motion, in which Mr. Durst reiterates that it is his intention to call the room attendant(s) as witness(es) at the evidentiary hearing and question him/her/them regarding the hotel policy concerning the discovery of contraband in a hotel room and whether the firearm at issue was in plain view. (Rec. Doc. 90 at 2). Mr. Durst argues that J.W. Marriott has already disclosed records that indicate employees serviced Mr. Durst's room on March 14, 2015. *Id.* However, those records do not disclose the identities of those employees. In addition, J.W. Marriott has a policy concerning the discovery of narcotics or

weapons in hotel rooms by housekeeping staff, which was discussed by J.W. Marriott's Loss Prevention Chief Bobby Johnson in an FBI interview. (Rec. Doc. 90-2). Mr. Durst further argues that the contraband policy is the only portion of the manual he is concerned with and offered to J.W. Marriott to move for a protective order limiting disclosure to that issue, but was rejected. (FN 2, Rec. Doc. 90 at 5). Mr. Durst's argument is centered around his constitutional right to "compulsory process for obtaining witnesses in his favor" and to present that relevant and material evidence to the fact finder as part of his defense. *Id.* at 6.  Additionally, Mr. Durst's opposition points out that the government did not oppose their request for the subpoena, and that J.W. Marriott did not object to the previous subpoena served on it by the government.

## II. Law & Analysis

Federal Rule of Criminal Procedure 17(c) permits the issuance of subpoenas seeking the production of documents and other tangibles in criminal cases. Further, Rule 17(c)(2) provides the court with authority, upon a prompt motion, to "quash or modify a subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).  The Supreme Court has held that compliance with a subpoena will not be unreasonable or oppressive if the documents requested are (1) relevant, (2) admissible, and (3) requested with adequate specificity. *United States v. Nixon*, 418 U.S. 683, 700, 94 S. Ct 3090, 41 L. Ed. 2d. 1039 (1974).

Further, the production of documents pre-trial is permissible when the moving party has shown: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Id.* at 700-701.

Here, the upcoming evidentiary hearing concerns whether the search and subsequent

discovery of a firearm and narcotics in Mr. Durst's room was reasonable under the Fourth Amendment. Information pertaining to whether hotel employees who entered Mr. Durst's room saw those items out in plain view is indeed relevant to the hearing. Thus, disclosing that employees entered the room on the day in question is not enough. Mr. Durst is entitled to know the name and address of those employees in order to subpoena them as witnesses for the evidentiary hearing.[1] The employee manual section concerning the discovery of contraband in hotel rooms is also relevant to question those witnesses regarding what procedures they are to follow if contraband is discovered.

Under *Federal Rule of Evidence* 402, relevant evidence is admissible unless otherwise provided by the United States Constitution, federal statute, other rules of evidence or case law form the Supreme Court. No one has provided the Court with any authority to show that the relevant information requested by this subpoena is inadmissible under one of these sources.

The third element, specificity, requires an absence of undue cost, burden or delay associated with excessively broad requests. The subpoena is requesting the identify, i.e the names, of the individuals known to have entered Mr. Durst's hotel room on March 14, 2015. J.W. Marriott has already produced records indicating there were employees who entered the room. Mr. Durst is simply requesting J.W. Marriott disclose those individuals' names in order that they can be questioned as to what they saw in the hotel room. Further, J.W. Marriott's loss prevention chief already confirmed that the hotel has a policy concerning employee discovery of contraband in a hotel room. Thus, producing the actual handbook or manual distributed to employees concerning this policy does not create any undue cost or burden on J.W. Marriott.

J.W. Marriott claims the employee manual and/or handbook contains proprietary information and trade secrets that "would place it in a disadvantage with its competitors." (Rec. Doc. 83-1 at 8.

---

[1] Defense counsel has stated that the employee address is only needed if J.W. Marriott refuses to accept service on behalf of the employees. Thus, if J.W. Marriott accepts service, no address will need to be produced.

Rule 17(c) does not address this issue, and there is no rule of criminal procedure that addresses it either. The civil procedure corollary, Rule 45 of the Federal Rules of Civil Procedure, places the burden on the moving party to show that the information sought is a trade secret or otherwise confidential, and therefore, that disclosure might be harmful. *Premier Dealer Servs. v. Duhon,* 2013 U.S. Dist. LEXIS 150820, 2013 WL 5570354 (E.D. La. 2013), citing *Nat'l West. Life Ins. Co. v. West. nat. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 132024, 2010 WL 5174366 (W.D. Tex. 2010). Other than these conclusory statements, J.W. Marriott has failed to show how disclosing its employee policy concerning discovering contraband in guest hotel rooms is revealing a trade secret.

The subpoenaed information and documents at issue satisfy all three elements and are not an impermissible "fishing expedition" as J.W. Marriott has characterized the subpoena. J.W. Marriott has failed to show how the employee manual and/or handbook containing the discovered contraband policy is a trade secret or how its disclosure, which has already occurred to the FBI (*see Exhibit B* to Rec. Doc. 90), could put it at a disadvantage with its competitors. Mr. Durst is preparing for the upcoming evidentiary hearing and the subpoena clearly states the limited information being sought. Further, the information sought is simply a request for more detail regarding information J.W. Marriott has already produced in response to the government's prior subpoena or discussed freely during a voluntary interview with the FBI.

However, given the publicity and media attention on this case, the Court will issue a protective order to ensure the privacy of the employees whose identity will be disclosed and the information contained in the employee handbook/manual is protected against public dissemination.

**III. Conclusion**

Accordingly,

IT IS ORDERED that the motion to quash the subpoena filed by movant J.W. Marriott is DENIED. Rec. Doc. 83. The requested information must be produced Monday, August 17, 2015 by 3:00 p.m at the place indicated on the subpoena.

New Orleans, Louisiana, this 14th day of August, 2015.

                                                HELEN G. BERRIGAN  
                                       UNITED STATES DISTRICT JUDGE